and that after both had entered, he heard the door slam.

Appellant and Green testified that when Bram kicked out the light the second time, he stated that he would go into the garage and get a gun and then there would be no need for a light. That appellant followed him into the garage with part of an automobile spring and while inside, Bram walked up to a truck and put his hand under the cushion of the seat. That appellant told him if he got a gun he would strike him with the spring. That Bram ran out of the garage to the house and appellant followed him, believing that he was after a gun. That the two entered the house about the same time and engaged in the struggle before mentioned. That Bram's brother struck appellant on the head, causing the blood to flow freely. That appellant's mother entered and induced them to stop. That after the fight was over, Bram and his brother went to the filling station where Bram assisted them in fixing the car by shining the lights of his own car upon theirs and also by helping to start their car after the tire was changed. That in the meanwhile, appellant's old mother remained in Bram's house and washed, mopped and cleaned up the floor.

██ We are of the opinion that appellant's position is well taken. First, because the evidence fails to show an assault on the part of the appellant with the intent to commit murder at the time he entered Bram's home. The weapon used by him was not, per se, a deadly one, and no serious injury of any kind was inflicted upon Bram from which an inference might be drawn that there was an intent on appellant's part to commit murder. Unless appellant entered the home of Bram with the specific intent to commit murder, he would not be guilty of the offense charged. The burden rested upon the state to show beyond a reasonable doubt that such was his intent.

██ We are not unmindful of the fact that the state was not required to show a completed offense of an assault with intent to commit murder, but it was required to show beyond a reasonable doubt that such was his intent. In determining the question of intent, we must look to the acts and conduct of the accused in connection with the instrument or means used and the wounds inflicted, if any. If a deadly weapon is used in a deadly manner, the inference is almost conclusive that the intent was to kill. If, however, the weapon was not, per se, a deadly one, nor used in a deadly manner, no serious wounds inflicted, and there are no expressions of intention by the appellant to commit murder, the inference would arise that no such intent existed. In this case we believe the state has failed to prove beyond a reasonable doubt appellant's intention to commit murder at the time he entered Bram's home. This conclusion, in our opinion, finds support in the following authorities: Hare v. State, 128 Tex.Cr.R. 203, 80 S. W.2d 963; Hawkins v. State, 115 Tex. Cr.R. 163, 29 S.W.2d 384; Jones v. State, 116 Tex.Cr.R. 30, 28 S.W.2d 146.

The other matters complained of by appellant need not be discussed in view of the disposition we are making of the case.

Having reached the conclusion that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**SCOMA v. STATE.**

No. 20035.

Court of Criminal Appeals of Texas.

Dec. 14, 1938.

Leo Darley, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for tampering with an automobile; punishment is assessed at confinement in the county jail for a period of three months.

The record is before us without a statement of facts or bill of exceptions. The complaint and information are sufficient to charge the offense and all procedural matters seem to be in due order.

The judgment is accordingly affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.